IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-13-267-C |
| IVAN BENNETT WILLIS, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a timely Motion to Offer Evidence of Specific Instances of Alleged Victim's Sexual Behavior. The government filed a response, to which Defendant filed a reply. The motion is now at issue.

Defendant Ivan Willis was indicted on November 11, 2013, and charged with aggravated sexual abuse within Indian country in violation of 18 U.S.C. § 2241(a). The alleged victim, Jane Doe, was seventeen years old. Defendant was twenty-one years of age. The incident occurred on September 22, 2013, while Jane Doe was babysitting several children, including the Defendant's son, at the home of Wesley Bear. Mr. Bear is Jane Doe's cousin and a friend of Defendant. Mr. Bear reported the incident to the Bureau of Indian Affairs. Jane Doe underwent a sexual assault ("SANE") examination the night of the incident.

Defendant seeks to offer evidence that Jane Doe had consensual sex with her male friend L.W. four times during August and September of 2013 at the Bear household, with the last time occurring seven to ten days prior to the incident with Defendant. Defendant also

seeks to offer as evidence the SANE report and DNA report in their entirety. Defendant argues that the evidence is admissible under the statutory exceptions to Fed. R. Evid. 412 and that excluding this evidence would violate his Sixth Amendment right of confrontation. The government argues that any evidence or statements regarding Jane Doe's prior voluntary sexual activity are irrelevant to the issue of Defendant's innocence or guilt and that admission of such evidence would only serve to inject bias and prejudice on the part of the jurors.

Fed. R. Evid. 412 must guide the court's deliberation on this issue. The rule prohibits the admission of "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). Congress intended that the rule help "safeguard the victim against invasion of privacy, potential embarrassment, and stereotyping." United States v. Ramone, 218 F.3d 1229, 1235 (10th Cir. 2000) (citing Fed. R. Evid. 412 advisory committee's note). The rule also acknowledges that failing to protect victims of sexual misconduct from these concerns discourages them from participating in legal proceedings against alleged offenders. Id. Although the rule safeguards important interests, it is not without exception. A court may admit "evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence." Fed. R. Evid. 412(b)(1)(A). A court may also admit "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). In determining whether evidence is admissible pursuant to Fed. R. Evid. 412(b), the Court must


balance two important values—the need to safeguard the victim and "the need to ensure that criminal defendants receive fair trials." United States v. Pablo, 696 F.3d 1280 (2012). The Court must also assess the relevance of the evidence. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Defendant argues that the DNA report and the SANE examination report in their entirety are admissible pursuant to Fed. R. Evid. 412(b)(1)(A) to prove that L.W., and not the Defendant, was a source of DNA found on Jane Doe's underwear and was the source of a healed laceration on Jane Doe's hymen. In United States v. Begay, 937 F.2d 515 (10th Cir. 1991), the Tenth Circuit held evidence of prior sexual conduct should have been admitted. In that case, the government relied heavily on the examining doctor's testimony regarding damage to the victim's hymen; there was a dispute as to whether the sexual contact with the defendant or prior sexual conduct with a different man was the cause of the damage; and there was a question as to whether penetration by the defendant actually occurred. See id. at 518-20. Those facts do not exist in this case. The government states in its response that Defendant could not have been the cause of the healed laceration in Jane Doe's hymen and argues that any evidence pertaining to the healed laceration should be excluded pursuant to Fed. R. Evid. 412(a). No dispute exists as to whether sexual contact, including penetration, occurred between Defendant and Jane Doe. Therefore, the issue in this case is consent. Whether L.W. was the source of the healed laceration and of the second strand of DNA found on Jane Doe's underwear does not make it more or less probable that Jane Doe

consented to Defendant's sexual contact. Admission of such evidence is irrelevant for purposes of Fed. R. Evid. 412(b)(1)(A).

Defendant also argues that the evidence is admissible pursuant to Fed. R. Evid. 412(b)(1)(C) because excluding evidence of Jane Doe's prior sexual behavior would violate his Sixth Amendment right of confrontation. Specifically, Defendant argues that the Court should allow inquiry during the trial about a sexual relationship between Jane Doe and L.W. because it shows Jane Doe had motive to lie about whether the sexual contact with Defendant was consensual. To support his argument, Defendant relies heavily on Olden v. Kentucky, 488 U.S. 227 (1988). In Olden, the Supreme Court held that the defendant should have been allowed to cross-examine the victim regarding her extra-marital relationship with witness Russell. Id. at 233. Russell spotted the victim exiting the defendant's car and the victim immediately told him the defendant had raped her. Id. at 229. The victim's story greatly differed from that of the defendant, who claimed the victim consented to the sexual contact, and the victim's testimony was corroborated only by Russell's testimony. Id. at 233. The defendant's defense rested on the argument that the victim lied to protect her relationship with Russell, but the trial court refused to allow the defendant to cross-examine either party about their sexual relationship. Id. at 230. In that case, the defendant's right to present a defense outweighed the danger of prejudice against the victim and justified the admissibility of evidence regarding the victim's sexual behavior. That justification does not exist in this case. Defendant's and Jane Doe's stories are greatly similar. L.W. did not spot Jane Doe with Defendant and thereby place her in a position with motive to lie. Rather, Jane Doe

4

called L.W. and freely told him about the incident. Defendant's argument that Jane Doe had motive to lie because Bear's four-year-old daughter witnessed Defendant kiss Jane Doe is speculative and does not outweigh the prejudice and privacy concerns that Fed. R. Evid. 412 was intended to protect. Pursuant to Fed. R. Evid. 403, "[t]he trial court has broad discretion to determine whether prejudice inherent in otherwise relevant evidence outweighs its probative value." United States v. Poole, 929 F.2d 1476, 1482 (10th Cir. 1991).

Defendant's argument that Jane Doe's sexual history with L.W. at the Bear household establishes a pattern of behavior that makes consent more likely also is speculative. The argument is too attenuated to overcome the important interests implicated in sexual assault cases.

The Court also is not persuaded that evidence of Jane Doe's relationship is admissible to impeach Jane Doe's statements to the SANE nurse regarding Jane Doe's prior sexual behavior. The statements to the SANE nurse are inadmissible pursuant to Fed. R. Evid. 412. Thus, evidence intended to impeach those statements is irrelevant.

Therefore, evidence regarding Jane Doe's sexual behavior—including inquiry about her sexual relationship with L.W.; the presence of a second strand of male DNA; the healed laceration on Jane Doe's hymen; and statements to the SANE nurse regarding prior sexual behavior—are inadmissible.

Accordingly, Defendant's "Motion to Offer Evidence of Specific Instances of Alleged Victim's Sexual Behavior Pursuant to Fed. R. Evid. 412(b)(1)(A) and (C)" (Dkt. No. 28) is hereby DENIED.

IT IS SO ORDERED this 10th day of September, 2014.

ROBIN J. CAUTHRON
United States District Judge